IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES ANDRE COVERSON,

        Plaintiff

VS.

BETTY LANCE, *et al.*,

        Defendants

NO. 5:07-CV-17 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

Plaintiff JAMES ANDRE COVERSON has filed a motion asking the court to appoint counsel for him in the above-styled §1983 action. Tab #24. Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court <u>on</u> <u>its</u> <u>own</u> <u>motion</u> will consider assisting plaintiff in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, plaintiff's motion for appointment of legal counsel (Tab #24) is **DENIED** at this time.

Plaintiff has also filed a "MOTION TO PROSECUTE" his complaint (Tab #23) which does not appear to ask for any specific action from the court; it is **DENIED**. However, to the extent Plaintiff is asking for the court's permission to seek discovery from the defendants, he is permitted to do so in accordance with the Federal Rules of Civil Procedure and this court's January 19th Order.

SO ORDERED AND DIRECTED, this 2nd day of MAY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE